IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | |
|---|---|
| KEITH E. DOYLE, ) | Cause No. CV 09-58-BU-RFC-CSO |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND |
| ) | RECOMMENDATION OF |
| CAPTAIN DAN O'FALLON, ) | U.S. MAGISTRATE JUDGE |
| Great Falls Regional Prison; ) | (Claim 5) |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF MONTANA, ) | |
| ) | |
| Respondents. ) | |

_____

On July 15, 2009, Petitioner Keith Doyle filed this action for writ of habeas corpus under 28 U.S.C. § 2254. Doyle is a state prisoner proceeding pro se. His petition contains five claims. This document addresses only Claim 5.

On October 9, 2009, Doyle was ordered to show cause why his fifth

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE
(CLAIM 5) / PAGE 1

claim for relief should not be dismissed with prejudice as procedurally defaulted. Claim 5 alleges that the trial court violated his Fourteenth Amendment right to a fair trial by erroneously denying his motion for mistrial and coercing the jury to reach a verdict when the jury repeatedly stated that it was deadlocked. Pet. (doc. 1) at 10.

I. Background

On May 30, 2003, Doyle was charged in Montana's Second Judicial District Court, Butte-Silver Bow, with deliberate homicide, a violation of Mont. Code Ann. § 45-5-102(1) (2003), or, in the alternative, deliberate homicide by accountability, see id. § 45-2-302. Pet. (doc. 1) at 2 ¶ 1; State v. Doyle, 160 P.3d 516, 522 ¶ 10 (Mont. 2007).

Trial commenced on January 3, 2005. Doyle, 160 P.3d at 522 ¶ 10. At the end of its first day of deliberations and again at the end of its second day of deliberations, the jury told the trial judge that they were deadlocked. On both occasions, the trial judge instructed the jury to refrain from discussing the case with anyone else, go home, and return the next day. At the end of the second day, Doyle moved for a mistrial based on the jury's note, which said they were "at an impasse" and had voted

four times since 1:00 p.m. on the first day.  Appellant Br. at 18-19, State v. Doyle, No. 05-362 (Mont. filed on or about Oct. 4, 2005).[1]  The trial court denied the motion.

On the third day of deliberations, the jury acquitted Doyle of deliberate homicide but found him guilty of deliberate homicide by accountability.  Id. at 19.  On April 13, 2005, he was sentenced to serve 65 years in prison.  Pet. at 2 ¶ 2; id. at 3 ¶¶ 4, 6.

Doyle appealed.  Doyle contested the trial court's denial of his motion for mistrial.  On May 31, 2007, the Montana Supreme Court affirmed his conviction.  Doyle, 160 P.3d at 521 ¶ 1.

In October 2007, Doyle filed a petition for postconviction relief in the trial court.  Among other things, the postconviction petition alleged "judicial misconduct" based on the trial court's denial of his motion for mistrial.  Postconviction Petition (doc. 12-1) at 4, 6-7 ("Ground Three").  The trial court denied the petition.  Doyle again appealed. On March 31, 2009, the Montana Supreme Court affirmed the trial court's denial of

---

[1] This brief is attached to the Petition.  Page citations refer to its pages, not CM-ECF pages.

postconviction relief. As to the judicial misconduct claim, the court held:

> Doyle argued on appeal that he was entitled to a mistrial based on these issues. In our prior opinion, we concluded the district court did not abuse its discretion in denying the motion for a mistrial. Doyle, ¶¶ 75-77. The district court correctly determined these issues are procedurally barred from further consideration. Section 46-21-105(2), MCA.

Order ¶ 10, Doyle v. State, No. DA 08-0218 (Mont. Mar. 31, 2009) (unpublished disposition).

Doyle timely filed his petition in this Court on July 8, 2009. Pet. at 8, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

II. Analysis

Claim 5 is procedurally barred. Procedural default is clear on the face of the petition because Doyle's appellate brief, see Pet. at 3 ¶ 8; Pet. Ex. (doc. 1-1), does not cite or refer to federal law and because the Montana Supreme Court's opinion on postconviction review declines to consider the claim for a second time. Recognizing default of this claim at this stage will "further the interests of comity, federalism, and judicial efficiency." Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003)

(quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

    A. Application of the Doctrine of Default and Procedural Bar

    Generally, habeas petitioners must fairly present their federal claims in the highest available state court before filing in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982).

    Doyle raised Claim 5 in his direct appeal when he asserted that the trial court erred in denying his motion for mistrial. He argued that the judge "pressured the jury to reach a unanimous verdict." Appellant Br. at 55, Doyle, No. 05-362. Doyle did not, however, describe a "federal legal theory on which his claim is based," Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). Appellant Br. at 2 ¶ 5, 18-19, 54-56, Doyle, No. 05-362. "[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a cite to a federal case analyzing such an issue." Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). In this case, however, Doyle's counsel cited only State v. Steele, 99 P.3d 210, 213-14 ¶¶ 25-29 (Mont. 2004). Appellant Br. at 55, Doyle, No. 05-362. Steele does not address the federal Constitution.

Further, the case specifically notes that the Montana Supreme Court "take[s] the opposite view of that of the United States Supreme Court in Allen." Id. at 214 ¶ 26 (citing Allen v. United States, 164 U.S. 492 (1896)). As in Casey v. Moore, 386 F.3d 896 (9th Cir. 2004), Doyle's brief on direct appeal cites "a state case discussing both state and federal claims [or cases], with no textual mention of a federal claim in [Doyle's] brief on this issue." Id. at 912 n.13. Consequently, the Montana Supreme Court was not alerted that it should address his jury coercion claim under federal law. It considered only state law. Doyle, 160 P.3d at 531 ¶¶ 75-77.

In his petition for postconviction relief, Doyle alleged that denial of his motion for mistrial constituted "judicial misconduct" but, again, he did not cite or refer to a federal legal theory. Claim 5 is defaulted. Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

B. Excuse for Procedural Default

The claim may still be considered if Doyle can show cause and prejudice or a fundamental miscarriage of justice to excuse his failure to raise the claim in state court. Coleman, 501 U.S. at 750. Doyle was

advised of what he must show. Order to Show Cause (doc. 7) at 9-10. In his response, he states that he "felt that once he raised judicial misconduct that he had met the federal requirements." Resp. to Order to Show Cause ("Mot. for Reconsideration of Claim 5") (doc. 12) at 2. The phrase "judicial misconduct" does not specify a federal legal theory. The same phrase might equally describe a violation of state law or of a non-binding code of ethics.

Doyle also explains that he has not been represented by counsel in postconviction proceedings and has relied on the advice of other inmates. Id. at 2-3. That is not sufficient to constitute cause excusing procedural default.

Finally, there is no reason to believe that no reasonable juror would have found Doyle guilty in a retrial if his motion for mistrial had been granted. The "actual innocence" exception is not met.

Doyle did not fairly present Claim 5 to the Montana courts and has not shown an excuse for his default. Claim 5 should be dismissed with prejudice.

III. Certificate of Appealability

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE
(CLAIM 5) / PAGE 7

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.   "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  Doyle "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484).

Here, Claim 5 is not particularly compelling on its merits, and there is no doubt that Doyle did not fairly present it in the courts of the State of Montana.   Doyle's erroneous belief that referring to "judicial

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE
(CLAIM 5) / PAGE 8

misconduct" sufficed to present a federal claim is not cause sufficient to excuse default.  Nor is there any possibility that no reasonable juror would have found him guilty if the trial court had declared a mistrial when Doyle says it should have.  A certificate of appealability is not warranted on this issue.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.   Claim 5 of the Petition should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2.  A certificate of appealability should be DENIED as to Claim 5.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection

is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Doyle must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this <u>5th</u> day of January, 2010.

                                                /s/ *Carolyn S. Ostby*
                                                Carolyn S. Ostby
                                                United States Magistrate Judge