FILED
BILLINGS DIV.

2010 MAR 15  PM 12 55

PATRICK E. DUFFY, CLERK
BY _____
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | | |
|---|---|---|
| KEITH E. DOYLE, | ) | CV09-58-BU-RFC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER ADOPTING FINDINGS** |
| | ) | **AND RECOMMENDATIONS OF** |
| CAPTAIN DAN O'FALLON, | ) | **U.S. MAGISTRATE JUDGE** |
| Great Falls Regional Prison; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On February 5, 2010, United States Magistrate Judge Carolyn Ostby entered

Findings and Recommendation. Magistrate Judge Ostby recommends this Court

deny Claims 1, 2, 3, and 4 of the Petition.

Upon service of a magistrate judge's findings and recommendation, a party

has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no

1

party filed objections to the February 5, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

First, Petitioner contends that his Sixth Amendment right to a speedy trial was violated to his prejudice because he experienced significant anxiety, witnesses' memories faced, the State used the delay to coerce his family members to testify against him, and he suffered permanent physical damage because he was not permitted to participate in prescribed physical therapy following back surgery.

There is no doubt that 609 days is a long time to await trial. Petitioner and the State share responsibility for 350 of those days. Of the remainder, the State was responsible for 175 days and Petitioner was responsible for only 84 days. After balancing the factors from *Barker v. Wingo*, 407 U.S. 514, 521 (1972), the prejudice suffered by Petitioner does not weigh enough to tip the balance against

2

the State.  Not all of the delay in this case was attributable to the State, nor was the
State responsible for deliberate or negligent delay.

Second, Petitioner claims that his Sixth Amendment and Fourteenth
Amendment right to confront the witnesses against him was violated because the
trial court restricted his cross-examination of Dean Maestas.  Specifically,
Petitioner was prohibited from asking Dean Maestas about his criminal history and
from following up on Maestas's comment about how he "usually" fights.

Petitioner was able to discredit Maestas on cross examination by drawing
out inconsistencies between Maestas's testimony at trial and the statements he
gave detectives during investigations.  Maestas's criminal history had little
probative value and exploration of it would have little probative value.  Further,
Petitioner does not identify any evidence the jury was prevented from considered
with regard to his dispute as to the ruling on Maestas's comment about how he
"usually" fights.  *See* Exhibit D11 at 57:8-58:16, 59:5-15.[1]

Third, Petitioner asserts that his Fourteenth Amendment right to due process
was violated because the evidence was not sufficient to support a verdict against
him for deliberate homicide by accountability.

---

[1]All exhibits cited in this document are attached to the State's Answer (doc. 13).  Ex. D is
the trial transcript.  Page references show the CM-ECF page number and line numbers.

Petitioner directs most of this claim at the credibility of Maestas, Day, Dunn, and Bowen, and asserts there was "no evidence" to link him to "this crime". Witness credibility is not a federal legal issue. It is for the jury to decide. *Comer v. Schriro*, 480 F.3d 960, 986 (9th Cir. 2007) (en banc) (per curiam); *Sandoval v. Calderon*, 241 F.3d 765, 773 (9th Cir. 2000). No federal law prohibited or restricted the State from presenting witnesses who were themselves implicated in the crime, who gave contradictory statements, or who stood to benefit from testifying. The Confrontation Clause guaranteed Petitioner an opportunity to point out these facts to the jury, and he did so. Moreover, forensic analysis and Petitioner's statements tended to corroborate the witnesses' testimony and/or substantiate his commission of the crime.

Petitioner claims that no evidence linked him to "this crime," however, the State proved beyond a reasonable doubt that Petitioner and Maestas meant to inflict serious injuries on Solwick. The State also proved beyond a reasonable doubt that Solwick died as a result of his injuries. That is all that is required under state law. There is no doubt that the evidence in this case was sufficient to support Petitioner's conviction.

Fourth, Petitioner alleges that the trial court violated his Fourteenth Amendment right to due process by erroneously instructing the jury on the mental

4

state of purposely or knowingly, thus failing to communicate that the State must prove that element beyond a reasonable doubt.

Under Montana law, the offense of deliberate homicide requires that a person act purposely or knowingly and that the person know his action is likely to cause injury, even if the precise harm or injury was different than the physical injury contemplated by someone who strikes another in order to cause pain. There is no criminal liability if "the actual result is too remote or accidental to have a bearing on the Defendant's liability or on the gravity of the offense." Mont. Code Ann. § 45-2-201(2)(b).

There is no clearly established Federal law "limiting the traditional recognition of a State's capacity to define crimes and defenses" in this context. *Clark v. Arizona*, 548 U.S. 735, 749 (2006). The trial court's instruction accurately stated the Montana law definition of "purposely or knowingly." *State v. Doyle*, 160 P.3d 516, 530 ¶ 69. The State was not relieved of its burden to prove beyond a reasonable doubt that Petitioner acted purposely or knowingly.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.   Claims 1, 2, 3, and 4 of the Petition are DENIED on the merits.

2.   A certificate of appealability is GRANTED as to Claim 1 on the issue of whether the Montana Supreme Court's decision of Petitioner's

speedy trial claim was unreasonable and whether the State violated

Petitioner's right to a speedy trial.

3.     A certificate of appealability is DENIED as to Claims 2-4.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the ___ day of March, 2010.

                                        RICHARD F. CEBULL
                                        UNITED STATES DISTRICT JUDGE

6